# Silly v. Burt.

A defendant cannot question the jurisdiction of a Magistrate by reason of alleged improper service of the summons, after he has appealed to Court, entered a general appearance and a plea, and proceeded to trial upon the merits.

MAGISTRATE'S JURISDICTION—WAIVER OF IRREGULARITY OF SERVICE—ACT OF JULY 9, 1901, P. L. 614.

Appeal of Arthur Burt, defendant, from the judgment of the Court of Common Pleas of Lancaster county on a verdict for the plaintiff.

This was a suit for wages begun before a Magistrate and appealed to Court by defendant. The trial resulted in a verdict for the plaintiff for $125. On judgment being entered thereon the defendant took this appeal, claiming that the Magistrate's summons having been returned "served on defendant by leaving a true copy of the original summons with an adult member of his family," the service was insufficient under the Act of July 9, 1901, and assigned error as follows:

"The Alderman never having had jurisdiction of the defendant in this case by reason of a bad process, which was not cured by appeal, and the judgment before the Alderman being by default, it was error in the Court to entertain the action."

James M. Walker and H. Frank Eshleman for Appellant.

The want of jurisdiction may be shown as error in the Supreme Court after the trial of an appeal in the Court of Common Pleas, where the question of jurisdiction was not raised. Thus it is ruled in Hill v. Township, 129 Pa. 525. It is said in Bergman v. Roberts, 61 Pa. 497, "that undoubtedly if the Alderman had no jurisdiction, the Common Pleas on appeal had not." And also in Collins v. Collins, 37 Pa. 387, "that the defendant's right to object to jurisdiction is not taken away by the agreement to go into a full settlement when brought before a Justice by adverse process nor by trial in Court on appeal." And in Diehm v. Snell, 119 Pa. 316, "it is ruled that the want of jurisdiction may be objected to at any time. This is the law, whether it be want of jurisdiction as to matter or as to the person."

In the Borough of Little Meadows, 25 Pa. 256, "it was ruled that where the Court did not have jurisdiction because a sufficient number of persons did not invoke the Court, and the matter was heard below, the Court above would notice the want of jurisdiction."

In the case before us the judgment of the Alderman was a judgment by default, for the defendant did not appear and thus give the Alderman jurisdiction. There was no jurisdiction in the Alderman here, because the service was in violation of the Act of July 9, 1901, P. L. 614, which provides that service shall be by "handing" a true and "attested" copy to defendant. The last clause of this Act declares the Act shall be an "exclusive system of service." Where the judgment is by default the exact method pointed out by the Act must be pursued. Lacock v. White, 19 Pa. 495.

B. F. Davis, for Appellee.

The service of the Alderman's summons on the defendant by leaving a true copy of the original summons at his dwelling house with an adult member of his family was sufficient.

If the defendant thought not, he should have raised the question by certiorari.

Lycoming Fire Ins. Co. v. Stoors, 97 Pa. 354.

After taking an appeal, entering a general appearance, plead ing non assumpsit and going to trial on the merits, he cannot now raise the question.

Meyers v. Stauffer, 22 W. N. C. 412.

Evans v. Duncan, 4 Watts, 24

Lycoming Fire Ins. Co. v. Stoors, 97 Pa. 354.

The Alderman had jurisdiction of the subject matter of this suit, as it was brought to recover wages of manual labor due upon an executed contract.

Fennell v. Guffey, 155 Pa. 38.

"When the Court has jurisdiction of the subject matter and is only restricted from entertaining the individual case by some

circumstances peculiar to itself, the objection to jurisdiction may be waived."

Putney v. Collins, 3 Grant 72.

December 13, 1902. Per Curiam.

The only question raised by this appeal is the alleged want of jurisdiction on the part of the Justice of the Peace to hear the case, from the fact that the summons was not properly served.

The 16th Section of the Act of July 9th, A. D. 1901, P. L. 614, requires that "Writs issued by any Magistrate, Justice of the Peace or Alderman, shall be served in the county wherein they are issued by the Constable or other officer therein to whom given for service in the same manner and with like effect as similar writs are served by the Sheriff, when directed to him by the proper Court," etc. The first section provides "That the writ of summons, etc., may be served by the Sheriff of the county wherein it is issued, upon an individual defendant or garnishee in any one of the following methods: (b) By handing a true and attested copy thereof to an adult member of his family at his dwelling house."

The summons in this case was returned as endorsed: "Served on defendant by leaving a true copy of the original summons at his dwelling house, with an adult member of his family. It is of course, well for a public officer serving a summons to make his return correspond precisely with the requirements of the Act of Assembly. Whether or not his summons was properly served need not now be definitely determined. It may be said, however, that it is difficult to see how the officer could have left the copy with an adult member of the family, without handing it to him or her. We think, however, without pursuing this subject, the appellant had waived any irregularity, if it existed, in the officer's return of service of the summons.

1. In taking an appeal. "Section 4 of the Act of March 20, 1810, 5 Sm. L., 161, provides that on appeal from a Justice's judgment, the case shall be decided on its facts and merits only, and no deficiency of form or substance in the record or proceed-

ings returned, nor any mistake in the form or name of the action, shall prejudice either party." 10 P. & L. Dig. of Dec. 17,533. See also Swain v. Brady, 19 Pa. Super. Ct., 459. The alleged irregularity appearing upon the face of the record, the appellant's remedy was by certiorari. He waved the irregularity by the appeal.

2. After the appeal was entered an appearance and a plea and proceeded .to trial upon the merits. This was also a waiver of the irregularity complained of, and by it he is bound. Judgment affirmed.

From Lancaster Law Review,
Lancaster, Pa.